IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HONOR S. FORTE, JR.,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:13-33025

BANK OF AMERICA, N. A.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Transfer Venue, pursuant to 28 U.S.C. § 1404(a), to the Northern District of West Virginia's Wheeling Division. ECF No. 5. For the reasons stated below, the Court **DENIES** Defendant's Motion to Transfer Venue.

## INTRODUCTION

On November 8, 2013, Plaintiff Honor S. Forte, Jr. filed a complaint against Defendant Bank of America, N.A. in the Circuit Court of Cabell County, West Virginia. Plaintiff's action arises out of a mortgage agreement between the parties. Plaintiff alleges that Defendant breached express terms of the parties' mortgage loan contract and engaged in practices amounting to illegal debt collection.

On or about October 18, 2007, Plaintiff, a veteran of the United States Navy, purchased a home with a loan from Eagle National bank. The loan contract included a contractual guarantee by the Department of Veterans Affairs ("VA") requiring that Defendant comply with regulations and laws governing VA-guaranteed loans. Plaintiff's home is located at 2 Echo Terrace, Wheeling, West Virginia, in the Northern District of West Virginia's Wheeling Division.

On December 23, 2013, Defendant removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. ECF No. 1. On January 23, 2014, Defendant moved that the Court transfer the case to the Northern District of West Virginia's Wheeling Division. ECF No. 5.

## DISCUSSION

In an action removed to federal court on the basis of diversity jurisdiction, as here, federal law will govern procedural questions, for example, questions relating to venue. Fed. R. Civ. P. 81(c)(1); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). When a case originally filed in State court is removed to federal court, venue is then properly governed by 28 U.S.C. § 1441(a). That statute requires that a defendant remove the case only to a federal court that sits in the same district and division where the state action was filed. 28 U.S.C. § 1441(a). Accordingly, any alleged defect in venue in the State court and governed by state law will not create a defect in venue upon removal to a federal court. *Hollis v. Florida State University*, 259 F.3d 1295, 1300 (11th Cir. 2001) ("[A]s a matter of law, § 1441(a) establishes federal venue in the district where the state action was pending, and it is immaterial that venue was improper under state law when the action was originally filed."). Assuming the action was removed to an appropriate district court, 28 U.S.C. § 1441(a) necessarily renders venue appropriate, though that does not foreclose the possibility of a more convenient federal venue.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of showing that convenience and the interest of justice weigh in favor of transfer. *Smith v. JP Morgan Chase Bank, N.A.*, 727 F.Supp.2d 476, 480-81 (S.D.W.Va. 2010).

Under 28 U.S.C. § 1404(a), the district court has discretion when making decisions to

transfer a case. *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). In exercising that discretion, the district court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Seven factors are commonly considered by this Court when ruling on transfer motions: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice. *AFA Enterprises., Inc. v. Am. States Ins. Co.*, 842 F. Supp. 902, 909 (S.D. W. Va. 1994) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)). "[A] transfer motion will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." *Id.* at 909.

Considerable weight should be given to the plaintiff's choice of forum. *Id.*; *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984); *Holley v. CSX Transp., Inc.*, No. 3:08-0065, 2008 WL 4091037, at *1 (S.D.W.Va August 28, 2008). However, the plaintiff's choice does not trump all other factors in the analysis. *Holley*, 2008 WL 4091037, at *1. This Court has previously refused to allow Plaintiff's choice and convenience to be the sole driver of analysis. In *Holley*, this Court granted transfer to the Eastern District of Michigan in a case involving an injury to Plaintiff where the Plaintiff lived near Detroit at the time of the injury, that injury occurred near Detroit, and Plaintiff was initially treated near Detroit. *Id.* Any West Virginia interest in the matter grew only from Plaintiff's subsequent relocation to West Virginia and ongoing treatment. *Id.*

In support of the instant motion, Defendant argues that transfer to the Northern District of West Virginia's Wheeling Division will enhance the convenience of the parties and witnesses and serve the interests of justice. In arguing that a transfer would be convenient, Defendant relies on the fact that Plaintiff and his wife—both expected to be critical fact witnesses—reside in

Wheeling, Ohio County at the property that this action concerns. Additionally, Defendant highlights that documents in Plaintiff's possession would have been addressed to his home in Wheeling and, if a viewing of the property is necessary, the Wheeling Division would provide a more convenient venue. Defendant itself is an out-of-state corporation with no presence in West Virginia. No matter the venue, Defendant will bear the inconvenience of traveling to West Virginia, along with any evidence in Defendant's possession and related witnesses, if any.

Plaintiff asserts that the bulk of evidence is in Defendant's possession, such that access to sources of proof is of little concern in the convenience analysis. Plaintiff chose to file in Cabell County and makes no claim of inconvenience with respect to proceeding before this Court.

While the Court accepts that all communications between Defendant and Plaintiff have been directed to Plaintiff's Wheeling address, the Court cannot see that that would create any inconvenience for Defendant moving forward no matter the venue. Only the convenience of identified witnesses is relevant to the analysis, which here includes only Plaintiff and Plaintiff's wife, who claim no inconvenience if asked to proceed before this Court. Additionally, the court does not foresee a need to view the mortgaged property in order to resolve the issues presented in Plaintiff's complaint.

Ultimately, it would appear that neither party argues that it is greatly inconvenienced; instead Defendant principally argues that Plaintiff will be unfairly inconvenienced by Plaintiff's own choice. Without some showing that Defendant itself is inconvenienced by Plaintiff's choice, the Court will defer to the location chosen by Plaintiff. Given the likelihood that no viewing will be necessary and the inevitability of Defendant being required to travel from North Carolina to West Virginia no matter the venue, Defendant's motion to transfer venue is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: September 15, 2014

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE